UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., | No. 2:20–cv–620–TLN–KJN |
| Plaintiff, | ORDER |
| v. | (ECF No. 9) |
| ALAMILLO REBAR, INC., et al., | |
| Defendants. | |

On June 26, 2020, plaintiff filed a motion to permit service by publication under Federal Rule of Civil Procedure 4(e), and set the matter for a July 30, 2020 hearing before the undersigned.[1] (ECF No. 9.) Plaintiff states that "[d]espite reasonable diligence, plaintiff has been unable to ascertain the whereabouts of one of the defendants, Laurence Alamillo." (Id.) Plaintiff states that it attempted to serve Laurence[2] at two addresses noted in its LexisNexis "Find a Person" search, as well as at the address listed on a guarantee signed by Laurence in Plaintiff's possession. (See ECF No. 9-1 and 9-2, declarations of Melissa Harris and Michael J. Gomez.) However, the process servers who attempted personal service at these addresses stated that each was told Laurence did not reside at those addresses. (See Id.)

---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(21).

[2] Given the familial relations, the court will use first names at times. No disrespect is intended.

1

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, see Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), see id. § 415.20; (3) service by mail with acknowledgment of receipt, see id. § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, see id. § 415.40; and (5) service by publication, see id. § 415.50.

California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner." Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Kott v. Super. Ct., 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995). Because of due process concerns, service by publication should be allowed only "as a last resort," and courts should consider "the myriad of other avenues" a plaintiff could take to effectuate service. Donel, 87 Cal. App. 3d at 333. A plaintiff will generally satisfy its burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his address" by, among other things, asking his relatives, friends, acquaintances, or employers. Kott, 45 Cal. App. 4th at 1137. "These are likely sources of information, and consequently must be searched before resorting to service by publication." Id. The reasonable-diligence inquiry is fact and case specific. Id. at 1137-38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula or mode of search can

1    be said to constitute due diligence in every case."). "However, when there is evidence that a
2    defendant is evading service, courts are more willing to allow alternative methods such as service
3    by publication." See Felix v. Anderson, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015)

4          Here, the court finds plaintiff's attempts to serve Laurence Alamillo by sending a process
5    server to three potential addresses to be satisfactory.  However, the court cannot say that plaintiff
6    has exhausted all reasonable attempts to locate Laurence, and therefore cannot condone a leap to
7    plaintiff's desired "last resort."  Donel, 87 Cal. App. 3d at 333.  Specifically, it appears that
8    plaintiff has been successful at serving the other two defendants in this case — Alamillo Rebar,
9    Inc. and Joseph Alamillo — as Joseph submitted a waiver of service on behalf of himself and the
10   company.  (See ECF Nos. 6, 8.)  Plaintiff did not indicate that it attempted to contact Joseph, or
11   anyone at the company, to determine the whereabouts of Laurence, and it appears defendants are
12   engaged in a family business.  (See ECF No. 1.)  Thus, before the court proceeds with granting
13   publication by service, plaintiff shall contact Joseph and a representative of the company to see if
14   anyone can verify the whereabouts of Laurence (including asking Laurence under oath if
15   necessary).  Kott, 45 Cal. App. 4th at 1137.

16         The court will not deny plaintiff's motion at this time.  Instead, the undersigned vacates
17   the hearing and leaves the motion pending.  Should plaintiff be able to determine the whereabouts
18   of Laurence and serve him, plaintiff may simply withdraw its motion.  However, should this
19   additional line of inquiry prove futile, plaintiff may simply re-notice its motion for a later hearing,
20   and file a supplemental declaration describing its efforts to determine Laurence's whereabouts
21   through Joseph, the company, or any others.

22         The court will have this order sent to Joseph Alamillo and Alamillo Rebar, so that
23   defendants are aware of the court's position on this matter.  If Joseph or a company representative
24   are aware of Laurence's whereabouts, their assistance in locating him would be appreciated.[3]
25   Should it appear Laurence is evading service, the court will have no choice but to order service by

---

[3] Joseph Alamillo signed the waiver of service personally rather than through counsel. Further, at the time of this order, neither Joseph nor Alamillo Rebar have appeared in this action or have indicated they are represented by counsel.  Should defendants now have counsel, they may inform plaintiff as much, and plaintiff may obtain the needed information through opposing counsel.

publication.  See Felix, 2015 WL 545483 at *2.  Further, defendants should be aware that if plaintiff is required to serve Laurence by publication (or by continued efforts of a process server), and plaintiff ultimately wins its case, the costs and fees associated with attempting to serve Laurence can be taxed.  See, e.g., United States v. Su Qin Yang, 2018 WL 6314558, at *2 (C.D. Cal. Sept. 20, 2018) (awarding almost $1,000 in costs to plaintiff, payable by defendant, for having to effectuate service through multiple process servers and through publication in the local newspaper).

        Accordingly, it is HEREBY ORDERED that:

1. The hearing on plaintiff's motion for publication service, currently set for a July 30, 2020 hearing, is VACATED;
2. Plaintiff shall make attempts to locate Laurence Alamillo as described in this order.  Thereafter, plaintiff may either:
   a. Withdraw its motion to serve Laurence by publication, should it be successful in locating and serving him, or
   b. Re-notice the motion for a later hearing and submit a supplemental declaration describing its efforts to locate Laurence, should it be unable to determine his whereabouts and serve him;
3. The Clerk of the Court is directed to serve this order on Joseph Alamillo and Alamillo Rebar, Inc. at the addresses noted in the executed waivers of service (see ECF Nos. 6, 8.).

Dated:  July 6, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

well.620